IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CRAIG A. BARNETT,

    Defendant.

8:18CR

PLEA AGREEMENT

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2019 JAN -3 AM 10: 49
OFFICE OF THE CLERK

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Frederick D. Franklin, Assistant United States Attorney, and defendant, Craig A. Bennett, and Sean Conway, counsel for defendant, as follows:

## I
## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to an Information. Counts I & II charge a violation of Title 18, United States Code, Section 1341. Counts III & IV charge a violation of Title 18, United States Code, Section 1343.

## II
## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Count I - Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The defendant devised or intended to devise a scheme or artifice
   a. to defraud, or
   b. to obtain money or property by means of false or fraudulent pretenses, representations or promises, and
2. For the purpose of executing the scheme or artifice or attempting to do so,
3. The defendant

1

a. placed in an authorized depository for mail matter any matter or thing to be sent or delivered by the Postal Service, or

b. took or received from an authorized depository for mail matter any matter or thing, or

c. knowingly caused to be delivered by mail or by any private or commercial interstate carrier any matter or thing

   i. according to the direction thereon; or

   ii. at the place at which it is directed to be delivered by the person to whom it is addressed; or

d. Deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier.

Count III ~ IV. Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. That, Craig A. Barnett, devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

2. That, Craig A. Barnett acted with the intent to defraud;

3. That in advancing, furthering, or carrying out the scheme, Craig A. Barnett, transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements referred in paragraph II A, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Craig A. Barnett (Craig) is the son of Dean A. Barnett (Dean) and Esta M. Barnett (Esta). Dean moved into the Life Care Center on December 26, 2014, and Craig sold Dean's house on August 12, 2015 for $99,000.00. The proceeds of the house were equally split ($44,370.77 each) between two accounts at Union Bank. One account was in Dean

Barnett's name and the other was in the name of Esta Barnett's estate (Dean's deceased mother).

2. Dean Barnett had income from least 5 significant sources. Specifically, Dean received Social Security benefits, income from the Joseph Pulitzer Pension Plan (an ERISA covered Pension Plan), grant payments from Broadcasters Foundation of America, payments from Virtus Funds (mutual funds), and payments from Franklin Templeton Investments.

3. On February 26, 2010, three days after Esta's death, Dean executed a Power of Attorney document granting Power of Attorney over his affairs to Craig. Craig held Power of Attorney over Dean until August 5, 2016. Craig used the Power of Attorney to take Dean's income while only spending a portion of Dean's income on Dean's Expenses. The remainder was used by Craig for his personal benefit.

## Joseph Pulitzer Pension Plan

4. Dean has been receiving a pension from the Joseph Pulitzer Pension Plan ("Plan"), a defined benefit pension Plan that provides retirement benefits to eligible employees of certain Pulitzer, Inc. companies, including employees of the St. Louis Post-Dispatch, LLC and employees of Pulitzer, Inc. and its subsidiaries.

5. Between May 5, 2010 and February 8, 2010, 10 checks were deposited into the US Bank account, with Craig Barnett listed as the account holder. Between March 7, 2011 and May 17, 2016, 23 checks were deposited into the US Bank account, with Craig and Christine Barnett listed as account holders.

6. Between January 1, 2010 and October 3, 2014, 39 ERISA benefit checks were signed by Dean Barnett and either cashed or deposited at Hy-Vee.

7. Total amount signed by Craig or deposited into a US Bank account held by Craig is $13,872.00.

## VIRTUS Investment Partners

8. Esta Barnett died on February 23, 2010. On the date of her death, Esta Barnett owned two accounts with Virtus Mutual Funds. According to Virtus Mutual Funds, the values of Esta's accounts on February 22, 2010 were $50,484.67 and $1,197.39.
9. According to Esta's Last Will and Testament, Dean Barnett was the beneficiary of all personal and real property in Esta's name upon her death.
10. On September 10, 2013, Virtus received a telephone call from Craig Barnett. Craig requested that $40,000.00 be redeemed from the Virtus Balance Fund. The redemption was processed on September 11, 2013 and the proceeds were received by US Bank for Craig Barnett's account and posted on September 13, 2013.
11. On March 23, 2015, Craig requested that Virtus redeem $5,000.00 from the Virtus Balanced Fund. These funds were received by US Bank and posted on March 25, 2015. Craig and Christine Barnett are the account holders for this account.
12. As a result of these transactions, the majority of the funds in Dean's Virtus account were wire transferred to Craig and Christine's join US Bank account. Specifically, on September 30, 2016, the remaining balance in the Virtus Mutual Funds account was $7,616.77.

## Broadcasters Foundation of America

13. Broadcasters Foundation of America provides grants to retiree applicants of the news industry based on financial assistance needs. Dean received a grant from Broadcasters that supplemented his income with monthly checks. Dean received the checks through the U.S. Mail. On January 6, 2012, Craig e-mailed Broadcasters requesting that the monthly grant check be sent to Craig's address at: 1607 Janssen Drive Lincoln, NE 68506.
14. On January 11, 2012, James Thompson, the President of Broadcasters, sent an e-mail to Craig stating he received the requested address change but needed to speak with Craig

prior to making the change. Craig had lunch with Mr. Thompson on January 25, 2012. The request was later approved.

15. On November 12, 2013, Craig called Broadcasters in order to change the address to where the check was sent to: 5310 Sawgrass Drive, Lincoln, NE 68526

Dean Barnett received monthly checks as follows:

| Year | Monthly Check Amount | Number of Checks per Year | TOTAL |
|---|---|---|---|
| 2010 | $750.00 | 8 | $6,000.00 |
| 2011 | $1,000.00 | 8 | $8,000.00 |
| 2012 | $1,000.00 | 13 | $13,000.00 |
| 2013 | $1,000.00 | 12 | $12,000.00 |
| 2014 | $1,000.00 | 12 | $12,000.00 |
| 2015 | $1,000.00 | 12 | $12,000.00 |
| 2016 | $1,500.00 | 8 | $12,000.00 |
| TOTAL | | 73 | $75,000.00 |

16. The grant required an annual application to establish and determine continued need and qualification for the grant assistance. Beginning in at least 2012, Craig completed and mailed Dean's annual grant applications to Broadcasters located in New York City. Craig deposited Dean's Broadcasters checks into two different US Bank accounts. There were 10 checks paid to Dean between May 5, 2010 and February 8, 2011. These checks were deposited into Craig Barnett's US Bank account.
17. There were 63 checks paid to Dean Between March 7, 2011 and August 2, 2016. These checks were deposited into Craig and Christine Barnett's US Bank account.

## Social Security Administration

18. The Social Security Administration provided monthly checks to Dean Barnett.
19. The Social Security checks for Esta Barnett dated December 3, 2009, December 31, 2009, and February 3, 2010 were wired into a US Bank account owned by Esta Barnett and Craig Barnett POA.

| DEAN BARNETT Year | Monthly Amount | Number of Deposits per Year | TOTAL |
|---|---|---|---|
| 2010 | $1,411.00 | 8 | $11,288.00 |
| 2011 | $1,411.00 | 12 | $16,932.00 |
| 2012 | $1,462.00 | 12 | $17,544.00 |

5

| 2013 | $1,483.00 | 12 | $17,796.00 |
| 2014 | $1,507.00 | 12 | $18,084.00 |
| 2015 | $1,534.00 | 13 | $19,942.00 |
| 2016 | $1,534.00 | 8 | $12,272.00 |
| **TOTAL** | | | $113,858.00 |

## III

## PENALTIES

A.    COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

B.    COUNT II. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

# IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. ' 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.
2. The parties agree that the loss amount and restitution is in dispute and that those issues will be presented to the Court in an evidentiary hearing.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. ' 4A1.3, and sentence reductions under 18 U.S.C. ' 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that there exists an issue as to the loss amount for restitution and guideline calculation purposes and that the issue will be resolved by the Court after an evidentiary hearing.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F. RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

G.   STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. ' 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. ' 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may

9

use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability, which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties. Further, this proposed plea agreement is automatically withdrawn if the properly executed original agreement is not received on or before October 22, 2018, at the United States Attorney's, District of Nebraska.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

11

1/3/18
Date

FREDERICK D. FRANKLIN
ASSISTANT U.S. ATTORNEY

01/03/19
Date

CRAIG A. BARNETT
DEFENDANT

01/03/19
Date

SEAN CONWAY
COUNSEL FOR DEFENDANT

12