IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-332 |
| vs. | |
| CRAIG A. BARNETT, | ORDER |
| Defendant. | |

The Court's judgment in this case awarded restitution to three victims: Dean Barnett, Life Care Center of Elkhorn, and Nebraska Medicaid. Filing 43 at 6. The government's pending motion (filing 46) advises the Court that Dean Barnett has died, and that the defendant is presumptively his sole heir.

When the victim of a federal crime is deceased, his rights may be assumed by a representative of his estate or another family member, "but in no event shall the defendant be named as such representative or guardian." 18 U.S.C. § 3663A. This puts the Court in something of a bind, because a federal does not, and *cannot*, control a state's exercise of its probate jurisdiction: the probate or annulment of a will, the administration of a decedent's estate, and disposition of property that is in the custody of a state probate court, are all reserved for the state probate court and outside the jurisdiction of federal courts. *Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006). But neither is it appropriate for the defendant to, in effect, pay restitution to himself at the expense of others who were victimized.

The government's motion suggests that the decedent be stricken as a victim so that future restitution may be disbursed to the remaining victims. Filing 46 at 2. That may ultimately be a proper remedy—but the Court is not

in a position to commit to that without certainty about probate of the decedent's will and any other potential claims against his estate. The government also suggests that distribution of any pro rata payments to the decedent be withheld until such matters are resolve. That, the Court finds, is the better option. The Court will order payments to be withheld until the circumstances permit the Court to, upon motion, take further action.

The government also suggests that, having selected that option, the Court order that the defendant not become the personal representative of the decedent's estate. The Court recognizes the statutory basis for the government's request, but questions its jurisdiction to enter such an order. *See Marshall,* 547 U.S. at 311-12. It seems evident that the state probate court *should not* appoint the defendant as personal representative, and that the defendant would be better served by declining such an appointment—but this Court cannot tell the state court how to perform its duties under state law.

IT IS ORDERED:

1. The government's motion to terminate or hold restitution (filing 46) is granted.

2. The Clerk of the Court shall withhold restitution payments to Dean Barnett until further order of the Court. This shall not preclude the Clerk from making pro rata distributions to the other victims.

3. The government is directed to advise the Court every 90 days, beginning on April 21, 2020, regarding the status of the decedent's probate estate.

4. The Clerk of the Court shall set a status report deadline for April 21, 2020.

Dated this 23rd day of January, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge